UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO DIVISION

| | |
|---|---|
| JAMES TAYLOR, | 2:7-CV-2427-GW |
| Petitioner, | MEMORANDUM DECISION |
| v. | |
| D.K. SISTO, Warden, | |
| Respondent. | |

For the reasons stated below, petitioner's Petition for Writ of Habeas Corpus is denied.

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections and Rehabilitation, challenges a 2006 decision of the Board of Parole Hearings ("BPH") finding petitioner unsuitable for parole.

On November 13, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a

1

Person in State Custody in the United States District Court for the Eastern District of California.  Following an Order dismissing the Petition with leave to amend, petitioner filed an Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition") on November 27, 2007.

After receiving an extension time, respondent filed an Answer to the Amended Petition ("Return") on February 19, 2008.

After receiving an extension of time, petitioner filed a Traverse ("Reply") on April 25, 2008.

## II.  BACKGROUND

On May 10, 1993, petitioner was convicted (pursuant to a plea agreement) in San Diego County Superior Court of one count of second degree murder, one count of second degree robbery and one count of conspiracy to second degree robbery.  In addition, petitioner admitted the truth of a principal armed with a firearm allegation.  Petitioner was sentenced to state prison for 15 years to life.  Petitioner's minimum parole eligibility date was January 22, 2003.  (See Amended Petition at 1; Return, Exhibit 1, Exhibit 2 at 5, Exhibit 3 at 23).

On August 17, 2006, the BPH conducted petitioner's parole suitability hearing. (See Return, Exhibit 3 at 21-89).[1]  The BPH denied petitioner parole for a period of three years.  (See Return, Exhibit 3 at 90-97).

On an unknown date, petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, apparently alleging the same claims as the claims alleged in the Amended Petition.[2]  On February 27, 2007, the Superior Court denied that habeas petition.  (See Return, Exhibit 4).

---

[1] It is not clear to the Court how many parole suitability hearings petitioner had prior to the 2006 parole suitability hearing.  Petitioner had at least one prior parole suitability hearing.  (See Return, Exhibit 3 at 26, 30, 50, Exhibit 4 at 3).

[2] Neither party has provided the Court with a copy of petitioner's Superior Court habeas petition.

1  On an unknown date, petitioner filed a habeas petition with the California Court of
2  Appeal, wherein he apparently alleged the same claims as the claims alleged in the
3  Amended Petition.³  On July 31, 2007, the California Court of Appeal denied that habeas
4  petition.  (See Return, Exhibit 5).
5  On an unknown date, petitioner filed a habeas petition with the California Supreme
6  Court, alleging the same claims as the claims alleged in the Amended Petition.⁴  (See
7  Return, Exhibit 9).  On October 10, 2007, the California Supreme Court summarily
8  denied that Petition for Review without citation of authority.  (See Return, Exhibit 6).

### III.  PETITIONER'S CLAIMS

1. "The State of California and the Board of Parole Hearings violated petitioners (sic) due process and equal protection rights by not giving him the benefit of his plea agreement and using the facts of his crime to aggravate his term beyond the scope of the plea terms." (Amended Petition at 4, Attachment at 1; Traverse at 1; see also Petition Attachment at 21-27).

2. The Board of Parole Hearings' decision to deny petitioner parole was not supported by any evidence showing that petitioner currently poses a risk of danger to society or to public safety.  (Amended Petition at 4, Attachment at 2; Traverse at 2-4; see also Petition Attachment at 27-43).

### IV.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable

---

³ Neither party has provided the Court with a copy of petitioner's Court of Appeal habeas petition.

⁴ Neither party has provided the Court with a copy of petitioner's Supreme Court habeas petition.

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The term "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); see also Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("clearly established Federal law" consists of holdings, not dicta, of Supreme Court decisions "as of the time of the relevant state-court decision"). However, federal circuit law may still be persuasive authority in identifying "clearly established" Supreme Court law or in deciding when a state court unreasonably applied Supreme Court law. See Tran v. Lindsey, 212 F.3d 1143, 1154 (9th Cir.), cert. denied, 531 U.S. 944 (2000).

A state court decision is "contrary to" clearly established federal law if the decision applies a rule that contradicts the governing Supreme Court law or reaches a result that differs from a result the Supreme Court reached on "materially indistinguishable" facts. Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam); Williams v. Taylor, supra, 529 U.S. at 405-06; see also Cullen v. Pinholster, 131 S.Ct. 1395, 1399, 179 L.Ed.2d 557 (2011)("To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court."). When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." Williams, supra, 529 U.S. at 406. However, the state court need not cite the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early, supra.

A state court decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from

[Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, supra, 529 U.S. at 413; Cullen, supra; Woodford v. Visciotti, 537 U.S. 19, 24-27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam). A federal habeas court may not overrule a state court decision based on the federal court's independent determination that the state court's application of governing law was incorrect, erroneous or even "clear error." Lockyer, supra, 538 U.S. at 75; Harrington v. Richter, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011)("A state court's determination that a claim lacks merit precludes federal relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Rather, a decision may be rejected only if the state court's application of Supreme Court law was "objectively unreasonable." Lockyer, supra; Woodford, supra; Williams, supra; see also Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004)("objectively unreasonable" standard also applies to state court factual determinations).

When reviewing cases challenging parole suitability determinations, a federal court's decision regarding whether inmates denied parole received due process is a limited inquiry: whether petitioner "was allowed to be heard and was provided a statement of the reasons why parole was denied." Swarthout v. Cooke, 131 S.Ct. 859, 862-63, 178 L.Ed.2d 732 (2011) ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.").

## V. DISCUSSION

### A. Petitioner's claims are not cognizable on federal habeas review.

Petitioner contends, in two separate claims, that the BPH's 2006 decision finding petitioner unsuitable for parole was not based on "some evidence" that he currently poses an unreasonable risk to society or to public safety. (See Amended Petition Attachment at

4, Attachment at 6-7; Traverse at 1-4; see also Petition Attachment at 21-43).[5]

Petitioner's claims are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, supra ("[I]t is no federal concern here whether California's "some evidence" rule of judicial review . . . was correctly applied."); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.)("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus."), cert. denied, 522 U.S. 881 (1997).

---

[5] Although petitioner characterizes his first claim as a breach of plea agreement claim, it appears that petitioner is actually challenging the Board of Parole Hearings' reliance on facts of his crime to deny him parole.
In any event, to the extent that petitioner has attempted to allege a separate breach of contract claim (i.e., "Clearly by accepting the plea agreement, the objectively reasonable intent and understanding of all parties was that Petitioner would serve a term of imprisonment established by the Matrix of Base Terms for Second Degree Murder . . ., minus post-conviction credits for good conduct . . . and be paroled" [Petition Attachment at 25]), petitioner's claim is without merit. Petitioner has not alleged, or shown, that he entered into the plea agreement based on the promise or agreement of the prosecutor that he would be paroled after serving 15 years to life. See Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); Davis v. Woodford, 446 F.3d 957, 960-62 (9th Cir. 2006). As stated by the San Diego Superior Court, "Being 'eligible for parole does not mean any guarantee has been promised or that parole certainly would be granted." (Return, Exhibit 3 at 3).

## VI. ORDER

For the reasons discussed above, IT IS ORDERED that the Petition is denied and the action is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Judgment herein by the United States mail on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 5, 2011

GEORGE H. WU
UNITED STATES DISTRICT JUDGE